**NOT FOR PUBLICATION OR CITATION**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

CIVIL ACTION NO. 06-CV-094-JBC

MONTGOMERY C. AKERS

PLAINTIFF

VS.                    **MEMORANDUM OPINION AND ORDER**

KIM I. MARTIN, ET AL.                                    DEFENDANTS

**** **** **** ****

This matter is before the court upon the plaintiff's responses to the court's deficiency orders of April 10, 2006, and May 23, 2006.

Montgomery C. Akers was apparently in the custody of the Federal Bureau of Prisons ("BOP") on April 5, 2006, when he originally submitted the instant prisoner *pro se* civil rights action under 28 U.S.C. § 1331 and *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). He named many federal defendants, including persons employed by the FBI and BOP and Assistant U.S. Attorneys, and complained about his treatment at their hands. His complaint was not, however, accompanied by the district court filing fee or a motion to proceed *in forma pauperis* or any copies of documents exchanged in pursuing the BOP administrative remedies prior to filing this lawsuit.

Accordingly, the court issued its first deficiency order, notifying the plaintiff of the deficiencies; granting him 30 days to cure them; providing forms to use in such a cure; and warning that his failure to adequately respond would result in dismissal of this cause of action. Upon his partial response to that order, the court liberally construed Akers's cover

letter and granted the plaintiff an extension of time to fully comply with the original order.

Despite the passage of that time, the plaintiff still has not fully complied. He has partially responded twice but, to date, he has failed to cure any of the deficiencies clearly pointed out to him in the court's April 10, 2006 order. Plaintiff Akers has returned the affidavit form for applying to proceed *in forma pauperis*, wherein he claims indigency but also admits to some income and states that he is "not sure of the value on my stocks or other financial trusts." He has not returned the certificate of inmate account form which was sent to him or submitted an equivalent statement showing transactions in his inmate account. Although he claims to have had difficulty getting the account information from prison personnel, the record which he does provide shows that when he asked for help from BOP staff on June 19, 2006, he asked for, and received, copies of his "*commissary account* for the last six months for two different U.S. District Courts," not income in his *inmate account*, as directed.

The plaintiff has also admitted that he did not exhaust the BOP's  administrative remedies. He claims to have started the process with a letter to the warden, but that is not how the BOP's administrative remedies are begun. *See* 28 C.F.R. § 542.13. He also claims that he could not exhaust the process because he was transferred and is no longer in BOP custody. However, ex-inmates are still covered by the BOP administrative procedures. *See* 28 C.F.R. § 542.10.

In short, the plaintiff having failed to cure the pre-filing conditions which he was ordered to correct, **IT IS HEREBY ORDERED** as follows:

(1)    The plaintiff's motion to proceed *in forma pauperis* [Record No. 4] is **DENIED**.

(2)    This action is **DISMISSED**, *sua sponte*, without prejudice.

(3)    This order **IS FINAL** and **APPEALABLE**, and no just cause for delay exists.

(4)    The court **CERTIFIES** that any appeal would not be taken in good faith.

(5)    This matter **IS STRICKEN** from the active docket.

Signed on July 13, 2006

*Jennifer B. Coffman*

JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

3